Honorable F. C. Branson,
Banking Commissioner
Austin, Texas

Dear Sir:

Opinion No. O-1872
Re: Building and loan associations
-- Eligible investments --
F. H. A., Title 1, Class 3
insured mortgages.

We have your letter of January 18, 1940, advising as follows:

"Your attention is respectfully directed to the provisions of Subsection 2 of the Building and Loan Act, Subsection 3 of the Building and Loan Act, Section 38a and 38b of the Building and Loan Act, all relating to investment of funds of building and loan associations in loans insured by the National Housing Administrator, and all effective prior to July 1, 1939.

"Effective July 1, 1939, Subsection B of Section 1703, Title 12 of the U.S.C.A (a part of Title 1 of the F. H. Act) was amended so as to authorize the insurance to the extent of 10% of loans, not exceeding $2,500.00 in amount, made for the purpose of erecting improvements on land owned by, or (with certain restrictions) held under lease by the borrower. This amendment places no limit on the percentage of the value of the property to be loaned."

Upon this statement you submit for a legal opinion the following question:

> "May a building and loan association, organized and existing under the laws of the State of Texas, invest funds of such association in Title 1, Class 3 loans, as above defined?"

It is the opinion of this department that your inquiry should be answered in the negative.

Under date of September 27, 1939, your then office counsel rendered you an opinion, No. 882, saying:

> "In my opinion such loans are not eligible loans under our Building & Loan Statutes. Building & Loan Associations are quasi public corporations and are limited in their powers of investment by the terms of the statutes regulating them. Section 38 of the Building & Loan Associations Act deals with the subject of investment of funds. It specifically enumerates the eligible securities and, therefore, by necessary implication forbids all others. Those portions of Section 38 dealing specifically with respect to the National Housing Act, all require such loans to be insured under the provisions of that Act. Such requirements are found in Subdivisions 2, 3 and 5 of Section 38.
>
> "Under the provisions of the National Housing Act, as amended June 3, 1939, the provision for insurance coverage is not a full coverage, but extends only to 10%, for which reason such partially insured loans do not meet the requirement of full insurance contemplated by the Building & Loan Associations Act.
>
> "It will be borne in mind that at the time of the amendment of our Building & Loan Associations Act specifically authorizing investment in loans insured

under the National Housing Act, the
Act provided for full coverage. The
National Housing Act has been amended
in this respect but the Building &
Loan Associations Act, from which our
associations obtain their authority
to invest, has not been amended cor-
respondingly.

"Even as late as the 46th Legisla-
ture (1939) the N. H. A. loans as eligi-
ble investments, were liberalized to
the extent of 90% of the appraised valu-
ation of the property, but they were
not liberalized so as to dispense with
the full insurance coverage existing
at the time our Building & Loan Associa-
tions Act authorized such loans in 1935."

Later, and under date of January 18, 1940, your
present office counsel re-examined the question and advised
you as follows:

"* * *
"Effective May 9, 1939, the Texas
Legislature added Section 38-a, which
provides that until 1943 a building and
loan association may lend not exceeding
90% on real estate, provided 'the loan
is insured by the Federal Housing Adminis-
trator.'

"* * *
"For the reasons above mentioned,
it is my opinion that associations are
not authorized to invest in Title 1,
Class 3 loans. Obviously one cannot
be categorical in an opinion of this
nature, but we can absolutely be cer-
tain that an association is limited in
that it cannot lend more than 90% of
the appraised value on any character
of loan, even though insured fully by
the Federal Housing Administrator."

We approve the reasoning of the opinions above
referred to and concur in the advice given therein.

It is not a question of the soundness of the investment, rather it is a question of statutory construction with respect to eligible investments. This is a matter exclusively for the Legislature. We cannot question its wisdom.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED JAN 30, 1940

ATTORNEY GENERAL OF TEXAS

